IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20676
Summary Calendar

_____

DONALD WAYNE CRAWFORD,

Plaintiff-Appellant,

versus

JAMES A. COLLINS, ET AL,

Defendants

MICHAEL DAVENPORT,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA-H-90-3190
- - - - - - - - - -

May 22, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Donald Wayne Crawford, Texas prisoner # 511098, sued prison guard Michael Davenport

and others[1] under 42 U.S.C. § 1983, alleging that Davenport violated his civil rights by placing him

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1] Crawford's motion to voluntarily dismiss defendants James A. Lynaugh, Billy Ray Crawford, and Wendell Banks was granted.

in a "head lock" and "jabbing" him in the side with an ink pen. Following a jury trial, the district court entered a judgment as a matter of law in favor of Davenport, finding that (1) Crawford failed to show a violation of his constitutional rights under contemporary standards, and (2) that Davenport was entitled to qualified immunity. We review the district court's disposition of a judgment as a matter of law *de novo*. Portis v. First Nat'l Bank of New Albany, Miss., 34 F.3d 325, 327 (5th Cir. 1994). Because we find that Davenport is entitled to qualified immunity, we decline to address whether Crawford's injury is sufficient to prove a violation of his constitutional rights under current standards.

The district court correctly noted that because the standard by which an Eighth Amendment excessive force claim is judged changed between the incident and trial, the standard applicable to Crawford's substantive claim is different than the standard applicable to Davenport's qualified immunity defense. In determining claims of qualified immunity, the objective reasonableness of the officer's conduct must be measured with reference to the law as it existed at the time of the conduct in question. Palmer v. Lares, 42 F.3d 975, 978-79 (5th Cir. 1995). Here, because the incident took place before Hudson v. McMillan, 503 U.S. 1 (1992), was decided, the qualified immunity standard for measuring excessive force differs from the appropriate standard used to determine whether Eighth Amendment violation has been shown. The officer's immunity must therefore be evaluated under the standard for excessive force existing at the time of the incident. Id.

The incident occurred on October 3, 1989. At the time, the standard for evaluating use of force claims was set forth in Shillingford v. Holmes, 634 F.2d 263, 265 (5th Cir. 1981).[2] See Palmer,

---

[2]Huguet v. Barnett, 900 F.2d 838 (5th Cir. 1990), which superseded Shillingford for Eighth Amendment claims, was not decided until May 11, 1990, after the incident in this lawsuit took place. This court noted in Wesson v. Oglesby, 910 F.2d 278, 283 n.4 (5th Cir. 1990), that the Eighth Amendment standard prior to Huguet was the Shillingford standard.

42 F.3d at 977-78 (applying <u>Shillingford</u> to 1985 incident); <u>Valencia v. Wiggins</u>, 981 F.2d 1440, 1449 (5th Cir. 1993) (same, 1987 incident). The <u>Shillingford</u> test requires that an inmate claiming that excessive force has been used against him in violation of the Eighth Amendment must show that the force used caused severe injuries, was grossly disproportionate to the need for action under the circumstances, and was inspired by malice rather than merely careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience. <u>Shillingford</u>, 634 F.2d at 265; <u>Palmer</u>, 42 F.3d at 978. In <u>Shillingford</u>, for example, a laceration to the plaintiff's forehead was found to be a "severe" injury. 634 F.2d at 266. However, <u>Raly v. Fraser</u>, 747 F.2d 287, 288-89 (5th Cir. 1984), held that bruises on the plaintiff's arms, scrapes on his face, welts on his wrists caused by the handcuffs, and a sore throat and hoarse voice caused by a chokehold were not "severe" injuries. Considering all of the evidence and reasonable inferences in the light most favorable to Crawford, <u>see</u> <u>Portis</u>, 34 F.3d at 328, Crawford's injuries did not rise to the level of a severe injury. Because Crawford failed to prove that Davenport caused him any severe injury, as required by the clearly established law at the time of the incident, Davenport is qualifiedly immune from liability under § 1983. The district court correctly granted judgment as a matter of law.

Crawford's argument that Davenport failed to raise timely his motion for judgment as a matter of law is not supported by the record. Davenport timely raised the motion at the close of Crawford's evidence and at the close of all evidence. <u>See</u> Fed. R. Civ. P. 50(a)(2). The district court deferred its ruling and, by agreement of the parties and the court, and without objection by Crawford, Davenport was allowed to argue the motion after the case was submitted to the jury. Davenport timely renewed his motion after trial. <u>See</u> Rule 50(b).

Crawford also argues that the district court abused its discretion by denying his motion for the entry of a default judgment on the issue of damages when Davenport failed to file an answer. <u>See</u>

Fed. R. Civ. P. 55(b)(2).  "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."  Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n, 874 F.2d 274, 276 (5th Cir. 1989).  Although the district court could have entered a default judgment for failing to meet the procedural time requirement, the district court did not abuse its discretion by choosing not to do so because Crawford failed to make any showing of prejudice.

AFFIRMED.